■ BERNICE MOSCA, Respondent, v MASS LLC, Appellant. [959 NYS2d 49]—

Appeal from decision, Supreme Court, New York County (Eileen Bransten, J.), entered August 22, 2011, deemed an appeal from judgment (CPLR 5520 [c]), same court and Justice, entered September 30, 2011, awarding plaintiff the principal amount of $89,269.50, unanimously reversed, on the law and the facts, without costs, the judgment vacated, and the matter remanded to the trial court for further proceedings consistent with this decision.

In this action seeking damages for breach of contract and in quantum meruit, the commission agreement between defendant, an advertising agency, and plaintiff, an advertising consultant, "read as a whole to determine its purpose and intent" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]), plainly manifests the intention to provide plaintiff with a finder's fee of 50% of defendant's first-year revenues under a retainer agreement with a client only if defendant was retained by the client for a period of at least two years. Further, the commission agreement shows that the parties intended to reduce plaintiff's finder's fee from 50% to 25% if the retainer between the client and the defendant ended for any reason within two years, and that plaintiff would reimburse defendant for any amount overpaid under the agreement.

The record demonstrates that the client terminated the retainer agreements it had with defendant, and that all work required under the agreements had been performed and billed for, less than two years from the date that defendant had been retained by the client. Thus, contrary to the finding of the trial court, pursuant to the commission agreement, plaintiff was entitled to 25% of defendant's first-year revenues under the retainer agreements, not 50%. On remand, the trial court shall determine whether defendant is entitled to a refund pursuant

to the commission agreement. Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.